UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-14349-Cannon/McCabe

JASPER CONTRACTORS, INC.,

    Plaintiff,

v.

GEOVERA SPECIALTY INSURANCE
COMPANY,

    Defendant.
_____/

## **REPORT & RECOMMENDATION**

THIS CAUSE comes before the Court upon Defendant's Motion for Judgment on the Pleadings ("Motion") (DE 16), which was referred to the undersigned by United States District Judge Aileen M. Cannon (DE 21). The Court heard oral argument on February 17, 2023 (DE 31). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **DENIED.**

**I.    BACKGROUND**

This is a breach-of-contract case arising from property damage caused by Hurricane Irma (DE 1-2 at 7 ¶ 5). The homeowners, Kevin and Kristy Nguyen, executed a roof replacement contract with Plaintiff, which included a post-loss assignment of benefits ("AOB") clause (DE 1-2 at 7 ¶ 8). Plaintiff, as assignee of the Nguyens, sued Defendant for breach of contract under a surplus lines homeowner's policy ("Policy") based on Defendant's denial of the Nguyens' Hurricane Irma claim (DE 1-2 at 6-8). The Complaint incudes a copy of the AOB form signed by the Nguyens (DE 1-2 at 10), and further alleges that "Plaintiff satisfied all conditions precedent to filing this action" or that "such conditions have been waived by Defendant" (DE 1-2 at 2 ¶ 10).

Defendant's Answer, meanwhile, denies that Plaintiff satisfied all conditions precedent (DE 5 at 2 ¶ 10). Specifically, Defendant's First Affirmative Defense alleges that the Policy prohibited any assignment of benefits absent "written consent" of all additional insureds and mortgagees, specifically:

> No assignment of claims benefits, regardless of whether made before loss or after loss, shall be valid without the written consent of all "insureds", all additional "insureds", and all mortgagee(s) named in this policy.

(DE 5 at 2; DE 5-1 at 58).

Defendant further alleges that the Policy names "Fay Servicing, LLC" as a mortgagee, that the AOB "lacks the written consent" of this mortgagee, and that the AOB is therefore invalid (DE 5 at 2-3). Based on this affirmative defense, Defendant now moves for judgment on the pleadings (DE 16).

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Such motions can be granted only when "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001). "When reviewing judgment on the pleadings, we must take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Mergens v. Dreyfoos*, 166 F.3d 1114, 1117 (11th Cir. 1999).

## III. DISCUSSION

Defendant's argument requires the Court to resolve two issues: (1) whether the Policy's AOB consent provision is valid in the first instance, and (2) if so, whether the pleadings show, as

2

a matter of undisputed fact, Plaintiff failed to obtain the mortgagee's written consent. The Court will address each issue in turn.

    **A.**    **Validity of the AOB Consent Provision**

Florida courts have previously addressed AOB consent provisions nearly identical to the one at issue here. Two lines of cases have emerged, one holding such clauses invalid and the other taking the opposite view. Both lines begin with a 1917 decision of the Florida Supreme Court involving a policyholder who assigned the benefits of his fire insurance policy, post loss, to one of his many creditors "subject to the consent of [insurance company]." *West Florida Grocery Co. v. Teutonia Fire Insurance Co.*, 77 So. 209, 210 (1917). Upon learning of the AOB, the policyholder's remaining creditors challenged its validity on the grounds that no consent had been obtained from the insurance company. *Id.* The Florida Supreme Court found the AOB valid – even without insurance company consent – based on the "well-settled rule that the provision in a policy relative to the consent of the insurer to the transfer of an interest therein does not apply to an assignment after loss." *Id.* at 210-11. Under this rule, insurer consent to a post-loss AOB is "not necessary to its validity" and "superfluous." *Id.* at 211.

Since *West Florida Grocery*, Florida courts have repeatedly declined to enforce insurance contract provisions that require insurer consent to a post-loss AOB. *See Lexington Ins. Co. v. Simkins Indus., Inc.*, 704 So. 2d 1384, 1386 n.3 (Fla. 1998) ("[A]n insured may assign insurance proceeds to a third party after a loss, even without the consent of the insurer."); *Bioscience W., Inc. v. Gulfstream Prop. & Cas. Ins. Co.*, 185 So. 3d 638, 643 (Fla. 2d DCA 2016) ("[P]ost-loss insurance claims are freely assignable without the consent of the insurer."); *Gisela Invs., N.V. v. Liberty Mut. Ins. Co.*, 452 So. 2d 1056, 1057 (Fla. 3d DCA 1984) ("A provision in a policy of

insurance which prohibits assignment thereof except with consent of the insurer does not apply to prevent assignment of the claim or interest in the insurance money then due, after loss.").

The AOB consent clause here is slightly different. It does not condition post-loss AOB on the consent of the *insurer*, but rather on the consent of the other insureds and the mortgagee – parties who presumably have an interest in the insured property. As discussed, two distinct lines of cases have emerged as to the enforceability of such clauses. The first line, illustrated by the Fifth DCA's opinion in *Security First Ins. Co. v. State, Office of Ins. Regulation*, 232 So. 3d 1157 (Fla. 5th DCA 2017), finds such clauses invalid as a matter of law. These cases reason that *West Florida Grocery* prohibits all post-loss AOB restrictions, not merely restrictions that require consent of the insurer. *Id.* at 1158-59 (disagreeing "that case law only applies to provisions requiring the insurer's consent"); *see also Restoration 1 CFL, LLC v. ASI Preferred Ins. Corp.*, 239 So. 3d 747 (Fla. 5th DCA 2018) (agreeing with *Security First*).

The second line of cases, illustrated by the Fourth DCA's opinion in *Restoration 1 of Port St. Lucie v. Ark Royal Ins.*, 255 So. 3d 344 (Fla. 4th DCA 2018), takes the opposite view. In *Restoration 1*, the Fourth DCA distinguished clauses that require consent of the *insurer* from clauses that require consent of *other parties*, such as named insureds and mortgagees. The Fourth DCA reasoned that:

> *West Florida Grocery* does not stand for the pronouncement that *any* restriction is per se invalid. Instead, the supreme court addressed and invalidated only a provision requiring the consent of the insurer, with the court concluding that it is "superfluous" who the insurer ultimately pays as the insurer will *still* have to cover the insured loss. In the instant case, as [Restoration 1] argued in its motion to dismiss below, it is impossible to brand the contested provision as superfluous—as both of the insureds, as well as the mortgagee, have a vested interest that a reputable, legitimate third-party contractor perform repairs on the home.

*Id.* at 347-48. Following this logic, the Fourth DCA held that *West Florida Grocery* does not apply to AOB consent clauses, like the one at issue here, that require the consent of other named insureds and mortgagees. *Id.* The Second and Third DCAs have followed suit. *See Gale Force Roofing & Restoration, LLC v. ASI Preferred Ins. Co.*, 313 So. 3d 102 (Fla. 2d DCA 2021) (agreeing with *Restoration 1*); *Union Restoration, Inc. v. Heritage Prop. & Cas. Ins. Co.*, 326 So. 3d 226 (Fla. 3d DCA 2021) (same).

Although it had the opportunity to do so, the Florida Supreme Court never resolved the DCA conflict on this issue, thus leaving this Court to choose among the competing views.[1] After careful consideration, the Court finds the second line of cases, illustrated by *Restoration 1*, to represent the better view. Though not dispositive on this Court, the view taken by *Restoration 1* also appears to be the majority view adopted by Florida's Second, Third and Fourth DCAs, whereas the view taken by *Security First* appears to be the minority view, adopted only by the Fifth DCA. For all of these reasons, the Court finds the AOB consent provision at issue here to be valid and enforceable. As such, the AOB attached to the Complaint required the written consent of the mortgagee named in the Policy (DE 5-1 at 58).

### B. Whether the Pleadings Show Lack of Written Consent by the Mortgagee

The Court now turns to the second issue, i.e., whether the pleadings show, as a matter of undisputed fact, that Plaintiff failed to obtain the mortgagee's written consent to the AOB. The

---

[1] In *Restoration 1*, the Fourth DCA certified conflict with the Fifth DCA. 255 So. 3d at 346. The Florida Supreme Court originally accepted jurisdiction to resolve the conflict, but later discharged jurisdiction once the Florida Legislature passed an act effective July 1, 2019, that resolved the conflict on a prospective basis. *See Restoration 1 of Port St. Lucie v. Ark Royal Insurance Co.*, No. SC18-1623, 2019 WL 3403438, at *1 (Fla. July 29, 2019) (citing 2019 Laws of Fla. ch. 2019-57).

Court has reviewed the pleadings and finds them unclear on the issue. On the one hand, Defendant's Answer alleges that the AOB "lacks the written consent of Fay Servicing, LLC" (DE 5 at 2-3). On the other hand, the Complaint alleges that "Plaintiff satisfied all conditions precedent to filing this action and recovering under the Policy" or, alternatively, that "such conditions have been waived by Defendant" (DE 1-2 at 2 ¶ 10). Rule 9(c) allows pleaders to "allege generally that all conditions precedent have occurred or been performed." *See Cardelle v. Scottsdale Ins. Co.*, No. 21-CV-24062, 2022 WL 196294, at *1 (S.D. Fla. Jan. 21, 2022) ("A general averment that all conditions precedent to the institution of this lawsuit have been fulfilled is quite adequate for pleading purposes") (cleaned up); *Davis v. Bradshaw*, No. 9:14-CV-80429, 2019 WL 6468715, at *2 (S.D. Fla. Dec. 2, 2019) ("Plaintiff's allegation in the Second Amended Complaint that 'all conditions precedent to bringing the causes of action asserted herein have been performed, have occurred, or have been waived' is sufficient to plead compliance [with a statutory condition precedent.]") (cleaned up).

On a Rule 12(c) motion, the Court must "take the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party." *Mergens*, 166 F.3d at 1117. Given the state of the pleadings, the Court finds genuine issues of fact remain as to the satisfaction of conditions precedent, specifically, whether Plaintiff obtained the mortgagee's written consent to the AOB. *Cf. Sunrise of Coral Gables Propco, LLC v. Current Builders, Inc.*, No. 22-21456-CIV, 2023 WL 1816390, at *1 (S.D. Fla. Feb. 8, 2023) ("Because the Court finds Sunrise sufficiently pled that it complied with the contract's conditions precedent, the Court denies the motion to dismiss the claim. Whether Sunrise complied with those conditions is a factual issue best reserved for summary judgment or trial); *Hamilton v. Blum*, No. 08-61336-CIV, 2009 WL 10666972, at *8 (S.D. Fla. Dec. 4, 2009), *R. & R. adopted*, 2010 WL 11504343 (S.D. Fla. Jan. 20, 2010)

("Accordingly, because the Amended Complaint alleges that all conditions precedent to bringing the civil theft count have been met, I respectfully recommend that the Court deny Defendants' Motion to Dismiss with respect to the civil theft count.").

Moreover, the Court notes this Motion does not arise under Rule 12(b)(6), under which Defendant might have attacked the level of detail in Plaintiff's Complaint and the Court might have ordered an amended pleading. Instead, this Motion arises under Rule 12(c), under which Defendant seeks a case-ending judgment in its favor based on the current state of the pleadings. The Court does not find judgment to be appropriate at this early stage of the case.

This ruling does not preclude Defendant from raising this issue at the summary judgment stage after further development of the facts. To that end, at oral argument, Plaintiff raised an argument that the mortgagee may have provided "written consent" to the AOB by virtue of its mortgage servicing contract with the homeowners.[2] The Court expresses no opinion on this issue given that the mortgage servicing contract has not been presented to the Court. This argument, too, should be presented at a later stage of the case, if Plaintiff wishes to raise it.

### C.     Other Issues

During oral argument, the parties also debated whether Plaintiff could move to substitute the original homeowners as Plaintiffs in this case pursuant to Rule 17. The Court expresses no opinions on this issue. If Plaintiff wishes to file such a motion, it should do so, and Court will rule at that time. The parties also raised several standing arguments arising from hypothetical scenarios whereby Plaintiff obtains the mortgagee's consent to the AOB after the filing date of the

---

[2] The Policy does not specify the manner in which consent must be obtained, except that it be "written" (DE 5-1 at 58). The Policy does not require the mortgagee to sign a particular form, or to sign the AOB itself, or to sign the same physical piece of paper as the insured.

Complaint. Again, the Court expresses no opinions on any facts that have not yet been presented to the Court. When and if the parties file motions that frame these factual and legal issues, the Court will rule at that time.

## IV.   RECOMMENDATION & NOTICE OF RIGHT TO OBJECT

For the reasons stated above, the undersigned **RECOMMENDS** that the Motion (DE 16) be **DENIED.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge Aileen M. Cannon. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 24th day of February 2023.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE